NOTE COURT'S CHANGES TO PARAGRAPHS 8 AND 12 TO COMPLY WITH LOCAL RULES OF COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MONDOLO<br><br>                    Plaintiff,<br><br>     v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, JACOBS ENGINEERING GROUP INC., INTEGRATED DISABILITY PLAN<br><br>                    Defendants. | Case No.:  LACV 11-7435 CAS (MRWX)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION** |

# STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION

To expedite the flow of discovery material, facilitate the prompt resolution of dispute over confidentiality, pursuant to the Court's authority under FRCP 26(c), it is hereby **ORDERED**:

1

**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**
Error! Unknown document property name.

1. <u>"Confidential" Materials</u>. "Confidential" materials are documents or information so designated by the producing party. A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under FRCP 26(c). Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

2. <u>Scope of "Confidential" Designation</u>. The special treatment accorded the documents designated "Confidential" under this Order shall reach:

  (a) All documents designated "Confidential" under the terms of this Order;

  (b) All copies of such documents;

  (c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

  (d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

  (e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

  (f) All information contained in such documents or depositions.

**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**
Error! Unknown document property name.

3.   **Restrictions on Disclosure of "Confidential" Materials.** Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "Confidential" shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

(a)   The parties to this litigation or Court personnel;

(b)   Counsel for parties in this suit;

(c)   Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d)   Actual or potential deposition or trial witnesses to testify concerning the suit;

(e)   Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4.   **Certification of Compliance.** No person authorized to receive access to "Confidential" materials under the terms of this Order (except for those persons identified in paragraph 3(a)-(c) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

5.   **Use of "Confidential" Materials at Depositions.** Any "Confidential" materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to

"Confidential" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 12.

    a. Except as expressly provided above, with regard to the Deposition of Stephanie LeSieur scheduled to take place on October 29, 2012, the parties stipulate and agree to a shortened time, to November 6, 2012, to designate portions of the transcript or exhibits to it as "Confidential" to give the parties time to properly incorporate Confidential materials in their respective trial briefs, due on November 13, 2012,

7. <u>Use of "Confidential" Materials in Papers Filed with the Court.</u> Materials designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers

4

filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Order.

8. <u>Use of "Confidential" Materials in Court</u>.  Materials designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "Confidential" materials in Court, counsel for the party using the "Confidential" materials shall take steps to insure against inadvertent disclosure of the "Confidential" materials to persons not subject to this Order.

If any party desires that materials, which are or contain confidential information be filed with the Court, that party shall give opposing counsel ten (10) days notice.  Thereafter, any request that items be filed under seal with the Court will comply in full with Local Rule 79-5.  In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion.  If the papers are sealed, they will be maintained by the Clerk under seal unless the proper party requests their return prior to that time.  In that event, the papers will be returned to that party.

    a. Except as expressly provided above, with regard to the Deposition of Stephanie LeSieur scheduled to take place on October 29, 2012, the parties stipulate and agree to a shortened time, to November 8, 2012 to notify each other of use of Confidential materials, to give the parties time to properly incorporate Confidential materials in their respective trial briefs, due on November 13, 2012,

9. <u>Non-Termination and Return of Materials</u>.  The provisions of this Order shall continue to apply to all "Confidential" materials and information after this suit has been terminated.  Upon termination of this suit, including all appeals,

the parties shall return all "Confidential" materials to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

10. <u>No Admissions</u>.  Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

11. <u>Interim Protection</u>.  "Confidential" materials produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

12. <u>Procedures for Challenging "Confidential" Designation</u>.  If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the material, information or tangible item.  The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available.  If the parties cannot resolve the dispute, they may file a discovery motion with the Court that complies in full with Local Rule 79.  Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order.  At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under FRCP 26(c).  The filing of a Motion for Protective Order by the designating party within the time limit set

forth above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

    Prior to submitting to this Court disputes regarding confidentiality of materials, the parties shall confer and shall report to this Court on the outcome of the conference.

    SO ORDERED this 12th day of October, 2012.

                                                /s/ Judge Wilner

                                          Hon. Michael R. Wilner

**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**
Error! Unknown document property name.

# Exhibit 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MONDOLO ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNUM LIFE INSURANCE ) <br> COMPANY OF AMERICA, JACOBS ) <br> ENGINEERING GROUP INC., ) <br> INTEGRATED DISABILITY PLAN ) <br> ) <br> Defendants. ) <br> _____) <br> ) | Case No.: LACV 11-7435 CAS (MRWX) <br> <br> **ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT RE: CONFIDENTIAL INFORMATION** |

In consideration of the disclosure to me of certain information which is subject to a Protective order of this Court I state as follows:

1. That I reside at _____, in the city and county of _____ and the state of _____.

2. That I have read and understand the Protective Order dated _____, entered into in the above styled civil action (the "Action");

3. That I agree to comply with and be bound by the provisions of the Protective Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document or information as defined by the Protective order, except as provided herein.

5. That I understand that if I violate the terms of the Protective order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

///

1        6.    That I agree to submit myself to the personal jurisdiction of this
2  Court in connection with any proceedings seeking enforcement of the Protective
3  Order.

Signature: _____

Date: _____

**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**
Error! Unknown document property name.